## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS LLC, | CASE NO. 12-cv-1445 (JNE/FLN) |
| | CASE NO. 12-cv-1446 |
| Plaintiff, | CASE NO. 12-cv-1447 |
| | CASE NO. 12-cv-1448 |
| v. | CASE NO. 12-cv-1449 |
| | |
| JOHN DOE, | Judge: Hon. Joan N. Ericksen |
| | |
| Defendant. | Magistrate Judge: Hon. Franklin L. Noel |

### PLAINTIFF'S OBJECTIONS TO HONORABLE MAGISTRATE JUDGE FRANKLIN NOEL'S JULY 5, 2012 ORDER

Plaintiff AF Holdings LLC, pursuant to Federal Rule of Civil Procedure 72 and D. Minn. LR 72.2, hereby respectfully submits its objections to the Honorable Magistrate Judge Franklin Noel's July 5, 2012 order denying Plaintiff's motion for expedited discovery. (ECF No. 8.) Magistrate Judge Noel premised his denial of Plaintiff's discovery motion on three factors borrowed from a decision emanating from the United States District Court for the Northern District of California: "[1] the requested discovery is 'not very likely' to reveal the identity of the alleged infringer; [2] personal jurisdiction may not exist over the alleged infringer; and [3] the pornographic copyright holder's activities in pursuit of settlement agreements may constitute an 'abuse of the judicial system')." (*Id.*) (citing *Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653 at *2-5 (N.D. Cal. Mary 30, 2012). Plaintiff addresses each of these factors, respectively.

**LEGAL STANDARD**

This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits the Magistrate Judge to decide certain non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.1. Pursuant to the rules, this Court will uphold a magistrate judge decision unless it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2; *see also Banbury v. Omnitrition Intern., Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). If the magistrate judge's decision violates either prong, the decision must be set aside. *TRANSAMERICA LIFE INS. v. LINCOLN NAT. LIFE INS.*, 592 F. Supp. 2d 1087 (N.D. Iowa 2008).

**DISCUSSION**

**1. The Requested Discovery Should Reveal the Identity of the Alleged Infringer**

The first factor on which Magistrate Judge Noel premised his denial of Plaintiff's expedited discovery application was that Plaintiff's discovery request was not "very likely" to reveal the identity of the alleged infringer. (*Id.*) Plaintiff is not aware of any legal authority that mandates a "very likely" showing. In fact, the decision on which Magistrate Judge Noel premised his entire order appears to be directly contrary to the binding precedent of the circuit from which it was issued. *Compare Hard Drive Prods., Inc. v. Does 1-90*, 2012 WL 1094653 at *2-5 (N.D. Cal. Mar. 30, 2012) (denying motion for expedited discovery as to ISP subscriber information after finding that the requested discovery was not "very likely" to reveal the identity of the alleged infringer) *with Gillespie v. Civiletti*, 629 F.2d 637, 643 (9th Cir. 1980) (holding that John Doe discovery should be allowed "unless it is *clear that discovery would not uncover the identities*, or

2

that the complaint would be dismissed on other grounds.") (emphasis added). As one of the *Hard Drive* court's esteemed colleagues opined, "[while] the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best, this imperfection does not make it 'clear,' as our Circuit requires, that the discovery sought would fail in uncovering the identity of the individuals responsible for that activity." *Diabolic Video Productions, Inc. v. Does 1-2,099*, No. 10-05865 (N.D. Cal. May 31, 2011), ECF No. 15 at *5 (quoting *VPR Internationale v. Does 1-1,017*¸ No. 11-02068 (C.D. Ill. Apr. 29, 2011).

The legal standard applied in the Ninth Circuit closely resembles that of this Circuit. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) ("Dismissal [of a John Doe defendant] is proper only when it appears that the true identity of the defendant *cannot be learned* through discovery or the court's intervention.") (emphasis added). The Court should sustain Plaintiff's objections because Magistrate Judge Noel's order was contrary to this Circuit's binding precedent.

For the record, in Plaintiff's counsel's experience, IP subscriber discovery has resulted in infringer identification. *See e.g.*, *Achte/Neunte Boll Kino v. Michael Famula*, No. 11-0903 (N.D. Ill. Feb. 9, 2011); *Achte/Neunte Boll Kino v. Daniel Novello*, No. 11-0898 (N.D. Ill Feb. 9, 2011); *Hard Drive Productions, Inc. v. Syed Ahmed*, No. 11-2828 (N.D. Ill. Oct. 25 2011); *Boy Racer, Inc. v. Philip Williamson*, 11-cv-3072 (E.D. Cal. Dec. 12, 2011); *First Time Videos, LLC v. Mike Younger*, No. 11-3837 (N.D. Ill. Dec. 30, 2011); *Millennium TGA, Inc. v. Tyree Paschall*, No. 12-792 (S.D. Ca. Apr. 2, 2012); *Hard Drive Productions, Inc. v. Gessler Hernandez*, No. 11-22206 (S.D. Fla. Apr. 9,

2012); *First Time Videos LLC v. William Meyer, Jr.*, No. 11-690 (E.D. Va. Apr. 16,

2012); *First Time Videos LLC v. Christopher Plotts*, No. 11-8336 (N.D. Ill. Apr. 17,

2012); *Hard Drive Productions, Inc. v. John Doe and Matthew Rinkenberger*, No. 12-

1053 (C.D. Ill. Apr. 24, 2012); *AF Holdings LLC v. John Doe and John Botson*, No. 12-

2048 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Josh Hatfield*, No.

12-2049 (N.D. Cal. Apr. 24, 2012); *AF Holdings LLC v. John Doe and Francisco Rivas*,

No. 11-3076 (E.D. Cal. Apr. 25, 2012); *Hard Drive Productions, Inc. v. John Doe and

Soukha Phimpasouk*, No. 11-3826 (N.D. Cal. May 10, 2012).

### 2. Personal Jurisdiction Exists Over the Alleged Infringer

The second factor on which Magistrate Judge Noel premised his denial of

Plaintiff's expedited discovery application was that "personal jurisdiction may not exist

over the alleged infringer." (ECF No. 8.) As an initial matter, Plaintiff is not required to

"prove" personal jurisdiction at this stage of the litigation. It is well-established that

personal jurisdiction does not even have to be pled. *See, e.g., Hagen v. U-Haul Co. of

Tenn.*, 613 F. Supp. 2d 986, 1001 (W.D. Tenn. 2009) ("The burden of establishing the

existence of personal jurisdiction lies with the party asserting such jurisdiction, i.e. the

plaintiff. Although, a plaintiff is only required to meet this burden when challenged by a

motion under Rule 12(b)(2) ...."); *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474-75

(D. Del. 1995) (noting Rule 8 does not require plaintiffs to state grounds on which

personal jurisdiction is alleged and that the plaintiff's pleading burden changes once the

defendant challenges personal jurisdiction). Federal Rule of Civil Procedure 8(a)(2)

requires only "a short plain statement of the claim showing that the pleader is entitled to

4

relief in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, all available technology suggests that the alleged infringer resides in Minnesota. *See WhatIsMyIPAddress*, http://www.whatismyipaddress.com (enter "24.197.205.14" in text entry box; then click "Additional IP Details" button) (last visited July 5, 2012). This geolocation lookup tool places Movant's IP address in Mankato, MN. (*Id.*) Movant appears to be within the Court's jurisdiction. Physical presence, of course, establishes personal jurisdiction. *Burnham v. Superior Court of Cal., Cnty. of Marin*, 495 U.S. 604, 619 (1990) ("The short of the matter is that jurisdiction based on physical presence alone constitutes due process . . . ."). The Court should sustain Plaintiff's objections because Magistrate Judge Noel's order was contrary to binding precedent of the U.S. Supreme Court.

**3. "Pornographic Copyright Holders" are Entitled to Protection Under the Law**

The final factor on which Magistrate Judge Noel premised his denial of Plaintiff's expedited discovery application was that "the *pornographic* copyright holder's activities in pursuit of settlement agreements may constitute an 'abuse of the judicial system.'" (ECF No. 8.) (emphasis added). Plaintiff is deeply disturbed by the prospect of inferior access to the federal courts by virtue of its participation in the adult industry. Surely it would not be appropriate for a federal judge to say, "the *female* copyright holder's activities", or "the *black* copyright holder's activities," or "the *Muslim* copyright holder's activities." Yet, for reasons that are unclear, Magistrate Judge Noel was comfortable referencing "the *pornographic* copyright holder's activities." Plaintiff readily concedes

5

that it, as an adult content producer, is unlikely to win a popularity contest with the general public. Nevertheless, it believes that it, as well as every other unpopular group, is entitled to equal access to the courts.

Over 200 years ago, the framers of the U.S. Constitution recognized that all forms of artistic expression were deserving of legal protection. U.S. CONST. art. I, § 8. The fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928-29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before."). No industry has been more devastated by digital infringement than the adult industry. While the honorable court in the case cited by Magistrate Judge Noel went to great lengths to portray the efforts of adult content copyright holders in a negative light, there is nothing wrong with an adult content defending its copyrights—except, of course, from the perspective of someone who is opposed to adult content.

## CONCLUSION

Chief Justice Marshall observed, "The Government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of a vested legal right." *Marbury v. Madison*, 5 U.S. 137, 163 (1803). Without the subscriber's identifying information, Plaintiff literally has no remedy against copyright infringement. Therefore, Magistrate Judge Noel's order causes a result that Chief Justice Marshall would strongly oppose. The Court should set aside Honorable Magistrate Judge Franklin

Noel's July 5, 2012 order denying Plaintiff's motion for expedited discovery and enter an order granting Plaintiff's motion for leave to take discovery prior to the Rule 26(f) Conference. Magistrate Judge Noel committed clear error by applying an incorrect legal standard to evaluate Plaintiff's motion. Further, this Court has personal jurisdiction over the John Doe Defendant because the only available technology indicates that the John Doe Defendant is located within this district. Finally, Plaintiff is entitled to equal access to the courts.

U.S. District Courts nationwide, including in this District and the Northern District of California, have readily granted Plaintiff leave to conduct identifying discovery. *AF Holdings LLC v. Does 1-29*, 0:11-cv-01794-JRT-JSM (D. Minn. July 28, 2011); *AF Holdings LLC v. John Doe*, 2:12-cv-01063-JAM-KJN (E.D. Cal. May 30, 2012); *AF Holdings LLC v. John Doe*, 2:12-cv-01066-GEB-GGH (E.D. Cal. May 9, 2012); *AF Holdings LLC v. John Doe*, 3:12-cv-02393-CRB (N.D. Cal. June 14, 2012); *AF Holdings LLC v. John Doe*, 4:12-cv-03248-PJH (N.D. Cal. July 2, 2012); *AF Holdings LLC v. John Doe*, 1:12-cv-22156-UU (S.D. Fla. June 14, 2012); *AF Holdings LLC v. John Doe*, 1:12-cv-22155-CMA (S.D. Fla. June 15, 2012); *AF Holdings LLC v. John Doe*, 1:12-cv-03568 (N.D. Ill. June 14, 2012); *AF Holdings LLC v. John Doe*, 1:12-cv-03571 (N.D. Ill. May 29, 2012); *AF Holdings LLC v. John Doe*, 1:12-cv-04232 (N.D. Ill. June 11, 2012). This Court should do the same.

[intentionally left blank]

Respectfully submitted,

AF Holdings LLC

DATED: July 5, 2012

By:    s/ Michael K. Dugas
        Michael K. Dugas
        Bar No. 0392158
        Attorney for AF Holdings LLC
        Alpha Law Firm LLC
        900 IDS Center
        80 South 8th Street
        Minneapolis, MN 55402
        Telephone: (415) 325 – 5900
        mkdugas@wefightpiracy.com