UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| AF Holdings LLC, | Civil Nos. | 12-1445 (JNE/FLN) |
|---|---|---|
| | | 12-1446 (JNE/FLN) |
| Plaintiff, | | 12-1447 (JNE/FLN) |
| | | 12-1448 (JNE/FLN) |
| | | 12-1449 (JNE/FLN) |

v.                                    **ORDER**

John Doe,

        Defendant.

_____

Michael K. Dugas for the plaintiff AF Holdings LLC.

_____

In each of these five cases, the plaintiff filed a complaint alleging that an unknown defendant, identifiable only by an IP address, infringed a copyright the plaintiff owns to pornographic material. The plaintiff attached to each complaint a "Copyright Assignment Agreement," purportedly signed by Mr. Alan Cooper on behalf of the plaintiff AF Holdings LLC as the assignee. Compl., Ex. B. The plaintiff then made a motion to conduct early discovery in order to obtain the identity of the internet subscriber to whom each IP address belonged. In granting the plaintiff's motion to conduct early discovery, the district judge ordered that, "Within 1 day of extending any offer to settle to John Doe or having any other contact with John Doe, AF Holdings shall disclose the offer or contact to the Court by filing under seal a copy of (1) any written communication between AF Holdings and John Doe or (2) a transcript of any oral communication between AF Holdings and John Doe."

In compliance with the district judge's order, the plaintiff's attorney, Mr. Michael K. Dugas, filed a transcript of his oral communications with each John Doe and/or that individual's attorney. The Court has reviewed those transcripts, and it appears to the Court that a number of individuals

SCANNED
JUN 2 0 2013
U.S. DISTRICT COURT MPLS

have paid the plaintiff money in exchange for a release of the claims made in each of the above-captioned cases. The transcripts, however, do not describe the exact terms of each settlement.

On November 29, 2012, Mr. Paul Godfread, counsel for Mr. Alan Cooper, filed a letter to the Court in which he indicated that his client's "name or identity is being used without his consent as the CEO of AF Holdings, LLC." ECF No. 18 for 12-CV-1449. On May 6, 2013, U.S. District Judge Otis D. Wright II of the Central District of California issued an order in a series of cases brought by AF Holdings LLC, the same plaintiff as the plaintiff in this case, and Ingenuity13 LLC, a different (but apparently related) plaintiff. A copy of Judge Wright's order is attached. Judge Wright found, among other things, that

> [John] Steele, [Paul] Hansmeier, and [Paul] Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.
> . . .
> The Principals stole the identity of Alan Cooper (of 2170 Highway 47 North, Isle, MN 56342). The Principals fraudulently signed the copyright assignment for "Popular Demand" using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele. There is no other person named Alan Cooper related to AF Holdings or Ingenuity 13.

*Ingenuity 13 LLC v. Doe*, No. 2:12-cv-8333, ECF No. 130 at ¶¶ 1 & 9 (C.D. Cal. May 6, 2013), *available at* 2013 WL 1898633 at *2–3. At the show-cause hearing before Judge Wright, John Steele, Paul Hansmeier, and Paul Duffy all invoked their Fifth Amendment privilege against self-incrimination and refused to answer any questions. *Id.* at 3.

The copyright-assignment agreement at issue before Judge Wright was the same agreement

attached to the complaint in three of these five cases.  Compl. Ex. B for 12-CV-1446, 12-CV-1447, 12-CV-1449.  The other two cases involve a different copyrighted film, "Sexual Obsession," but the assignment agreement for that film was also purportedly signed by Mr. Alan Cooper on behalf of the plaintiff AF Holdings LLC.  Compl. Ex. B for 12-CV-1445, 12-CV-1448.  In light of Mr. Cooper's letter and Judge Wright's order, it appears to the Court that the plaintiff has relied on forged documents in securing multiple court orders authorizing the discovery of information that, in turn, led to settlements in the above-captioned cases.

Each case has now been voluntarily dismissed by the plaintiff under Fed. R. Civ. P. 41(a)(1)(A)(i).  A voluntary dismissal pursuant to Rule 41(a)(1)(A) normally divests the Court of jurisdiction over the action.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378–82 (1994).  But exceptions to that jurisdictional rule have been recognized for matters arising under Rule 11 or Rule 60.

### 1.    Rule 11

Under Rule 11(b),

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

. . . .

Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines

that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law

firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

A federal district court "may enforce Rule 11 even after the plaintiff has filed a notice of

dismissal under Rule 41(a)(1)." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990). The

Supreme Court has explained,

> Both Rule 41(a)(1) and Rule 11 are aimed at curbing abuses of the judicial system,
> and thus their policies, like their language, are completely compatible. Rule 41(a)(1)
> limits a litigant's power to dismiss actions, but allows one dismissal without
> prejudice. Rule 41(a)(1) does not codify any policy that the plaintiff's right to one
> free dismissal also secures the right to file baseless papers. The filing of complaints,
> papers, or other motions without taking the necessary care in their preparation is a
> separate abuse of the judicial system, subject to separate sanction. As noted above,
> a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts
> the machinery of justice in motion, burdening courts and individuals alike with
> needless expense and delay. Even if the careless litigant quickly dismisses the action,
> the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant
> who violates Rule 11 merits sanctions even after a dismissal. Moreover, the
> imposition of such sanctions on abusive litigants is useful to deter such misconduct.
> If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he
> would lose all incentive to stop, think and investigate more carefully before serving
> and filing papers.

*Id.* at 397–98 (internal quotation marks omitted). *Cooter & Gell* was decided prior to the 1993

amendment to Rule 11. That amendment included a provision prohibiting the Court from imposing

"a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3)

before voluntary dismissal or settlement of the claims made by or against the party that is, or whose

attorneys are, to be sanctioned." Fed. R. Civ. P. 11(c)(5)(B). However, at least one court has

observed that, "It was not the intention of Congress to create a regime via the 1993 amendments

4

under which a litigant could file a sanctionable complaint and then escape remedial monetary sanctions by extracting a settlement from the victim before the district court identified the impropriety of the suit and issued a show-cause order." *Tr.-N. Nev. Laborers Health & Welfare Trust Fund et al. v. Randy's Blasting, Inc.*, No. 3:09-cv-00525, 2013 WL 1088837 at *4 (D. Nev. Mar. 14, 2013).  This Court agrees.

    2.    **Rule 60**

Fed. R. Civ. P. 60(b)(3) provides, "On motion or just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." By its terms, the rule does not limit a court's power to "set aside a judgment for fraud on the court."[1] Fed. R. Civ. P. 60(d)(3). Rule 60 "provides for extraordinary relief [that] may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005). The decision of whether to reopen a proceeding under Rule 60 lies within the discretion of the district court. *Id.* The rule is grounded in equity and exists to prevent a court from becoming "a vehicle of injustice." *Id.*

The Eighth Circuit has held that a notice of voluntary dismissal under Rule 41(a) is not a "final judgment, order, or proceeding" that may be subject to Rule 60(b) relief. *Ajiwoju v. Cottrell*, 245 Fed. Appx. 563, 565 (8th Cir. Aug. 16, 2007) (unpublished decision); *Scher v. Ashcroft*, 960

---

[1] "Fraud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *Pfizer, Inc. v. Int'l Rectifier Corp.*, 538 F.2d 180, 195 (8th Cir. 1976), *abrogated on other grounds as recognized by Brisoe v. County of St. Louis, Mo.*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012). A finding of "fraud on the court" is "justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or injury or *fabrication of evidence by counsel*, and must be supported by clear, unequivocal and convincing evidence." *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 880 (8th Cir. 2010) (emphasis added).

F.2d 1053 (8th Cir. Apr. 29, 1992) (unpublished decision); *see also White v. Nat'l Football League*,

2013 WL 656682 at *3 (D. Minn. Feb. 22, 2013) (adopting the reasoning of *Aijwoju* and *Scher*).

*Aijwoju* and *Scher* are both unpublished decisions, however, and neither concerned an allegation that

the plaintiff committed a fraud on the court. *See Youngs-Losee v. Graphic Packaging Int'l Inc.*, 631

F.3d 909, 913 n.1 (8th Cir. 2011) (unpublished cases are not binding precedent); 8th Cir. R. 32. 1A

("Unpublished opinions . . . are not precedent."). The Court declines to follow them.

Other courts have held that a voluntary dismissal under Rule 41(a)(1)(A) does not deprive

a district court of jurisdiction to hear a Rule 60(b) matter. *See, e.g., Nelson v. Napolitano*, 657 F.3d

586, 589 (7th Cir. 2011).[2] The Court finds the decision of *Pino v. Bank of New York*, — So. 3d —,

No. SC11-697, 2013 WL 452109 (Fla. Feb. 7, 2013) to be particularly persuasive. *Pino* involved

a bank that committed fraud on the court by attaching a fraudulently backdated mortgage assignment

to a complaint in a foreclosure proceeding against a delinquent borrower. 2013 WL 452109 at *2.

After the borrower moved for sanctions (but before the court granted the bank any affirmative relief

and within the 21-day safe harbor period), the bank voluntarily dismissed the case. *Id.* at *2–3. The

bank then filed a second foreclosure proceeding in which it attached a mortgage assignment that was

dated *after* the bank's voluntary dismissal of the first action. *Id.* at *3. Armed with this clear

---

[2] *See also In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995) (a voluntary dismissal is "a judgment, order, or proceeding from which Rule 60(b) relief can be granted"); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("[A]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)."); *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995–96 (6th Cir. 1987) (a stipulated dismissal with prejudice under Rule 41(a)(1)(A)(ii) "terminate[s] the district court's jurisdiction except within the scope allowed by Rule 60(b)") (internal quotation marks omitted); *Randall v. Merill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987) ("[N]othing in the language of Rule 41(a)(1)(i) exempts voluntary dismissals from the scope of judicial authority under Rule 60(b).").

evidence of fraud, the borrower moved to reopen the first foreclosure proceeding for the purpose of having it dismissed with prejudice. *Id.*

The Supreme Court of Florida held that a notice of voluntary dismissal is a "proceeding" under that state's equivalent to Fed. R. Civ. P. 60(b). *Id.* at *14. A district court has jurisdiction under the Florida rule—as interpreted by *Pino*—to strike a plaintiff's notice of voluntary dismissal and reopen a case when (1) the plaintiff commits a fraud on the court; (2) the fraud results in the plaintiff securing affirmative relief from the court to the detriment of the defendant; and (3) the plaintiff, upon obtaining that relief, voluntarily dismisses the case to prevent the district court from undoing the improperly obtained relief. *Id.* Ultimately, the Supreme Court of Florida concluded that the trial court did not have jurisdiction to reopen the case because it had not granted the bank any affirmative relief before the bank filed its notice of voluntary dismissal. *Id.* at *19.

The Court agrees with the reasoning of *Pino* and concludes—based on its own interpretation of Rule 60(b)(3) and Rule 60(d)(3)—that it has jurisdiction to strike a plaintiff's notice of voluntary dismissal, reopen the case, and award appropriate relief when allegations of a possible fraud on the court come to its attention. This interpretation of Rule 60 is necessary to preserve the integrity of the judicial system.

All three elements of the *Pino* test are met here: (1) the plaintiff attached a fraudulent document to the complaint; (2) the Court relied upon that document in authorizing the discovery of internet subscriber information—information the plaintiff was not entitled to receive absent a court order; and (3) after obtaining the discovery (which—at least as far as the Court is aware—is the only relief the plaintiff ever seeks in these cases), the plaintiff settled and voluntarily dismissed all of

these cases.[3]

The Court concludes that it has jurisdiction, under Rule 11 and Rule 60, to determine whether the plaintiff committed a fraud on the court in the above-captioned cases.  In light of the foregoing, it is **HEREBY ORDERED** that:

1.   Within five days of the date of this order, Mr. Michael K. Dugas, counsel for the plaintiff, shall file a declaration under seal and made under penalty of perjury in which he:

   a.   identifies the name, address, and contact information for any individuals identified as a result of the district judge's order authorizing the early discovery ("the John Doe defendants");

   b.   identifies the name, address, and contact information for any attorneys retained by the John Doe defendants;

   c.   indicates whether the plaintiff and the John Doe defendants agreed to settle these cases and, if so, the exact terms of the agreements—including to whom any money was paid and the manner of payment (e.g. cash or check);

   d.   attaches a copy of any written settlement agreement and any release of claims executed by the parties in the above-captioned cases; and

   e.   certifies that the John Doe defendants and their attorneys have been served with a copy of this order and the attached order from Judge Wright.

2.   Within five days of the date of this order, Mr. Dugas shall send one courtesy copy of his declaration and any attachments directly to the undersigned's chambers.

DATED: June 20 , 2013

FRANKLIN L. NOEL
United States Magistrate Judge

---

[3] The Court notes that Mr. Dugas, counsel for the plaintiff, voluntarily dismissed every single pending case he had in this District shortly after Judge Wright's first show-cause hearing. Eleven cases were voluntarily dismissed after the hearing. *See* 12-cv-2681 (RHK/JJG);12-cv-2682 (RHK/JJG); 12-cv-2683 (RHK/JJG); 12-cv-2684 (RHK/JJG); 12-cv-2685 (RHK/JJG); 13-cv-313 (RHK/JJG); 13-cv-318 (RHK/JJG); 13-cv-319 (RHK/JJG); 13-cv-320 (DWF/FLN); 13-cv-321 (RHK/JJG); 13-cv-322 (RHK/JJG).