UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AF Holdings LLC, | Civil Nos.   12-1445 (JNE/FLN) |
| | 12-1446 (JNE/FLN) |
| Plaintiff, | 12-1447 (JNE/FLN) |
| | 12-1448 (JNE/FLN) |
| | 12-1449 (JNE/FLN) |
| v. | **ORDER** |
| John Doe, | |
| Defendant. | |

Paul R. Hansmeier & Michael K. Dugas for the plaintiff AF Holdings LLC.

The Court "has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Universal Oil Prods Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946)); *see also* Fed. R. Civ. P. 11, Advisory Committee's note to 1993 Amendments ("[Rule 11] does not inhibit the court in punishing for contempt, in exercising its inherent powers, or in imposing sanctions, awarding expenses, or directing remedial action authorized under other rules or under 28 U.S.C. § 1927.").[1] This inherent power is necessary to preserve the integrity of the courts, for "tampering with administration of justice in this matter involves . . . far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Chambers*, 501 U.S. at 44 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* 322 U.S. 238, 246 (1944)) (internal quotation marks omitted).

---

[1] A party who is the victim of a fraud on the court may also initiate "an independent action for malicious prosecution or abuse of process." Fed. R. Civ. P. 11, Advisory Committee's note to 1993 Amendments.

The plaintiff AF Holdings LLC—through its attorney Mr. Michael K. Dugas—attached a copyright-assignment agreement to the complaint in each of these five cases. The agreement attached as Exhibit B to the complaint in 12-cv-1446, 12-cv-1447, and 12-cv-1449 is for a copyrighted work titled "Popular Demand" and is dated December 20, 2011. The agreement attached as Exhibit B to the complaint in 12-cv-1445 and 12-cv-1448 is for a copyrighted work titled "Sexual Obsession" and is dated June 12, 2011. Both sets of agreements purport to be signed by an individual named "Alan Cooper" on behalf of the plaintiff AF Holdings LLC.

In November 2012, Mr. Paul Godfread, counsel for an individual named Alan Cooper, filed a letter to the Court in which he called into question the authenticity of the copyright-assignment agreements. *See* ECF No. 18 for 12-cv-1449. In light of Mr. Godfread's letter and the plaintiff's response to the Court's order to show cause, it appears that a genuine issue of material fact exists as to whether those agreements are authentic, that is, whether the documents are what the plaintiff claims they are. Fed. R. Evid. 901(a).

It is **HEREBY ORDERED** that:

1. The Court will hold an evidentiary hearing in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN on **September 30, 2013** at **9:30am.**

2. The scope of the evidentiary hearing will be limited to whether the following documents are authentic:

    a. The copyright-assignment agreement for "Popular Demand" dated December 20, 2011 and attached as Exhibit B to ECF No. 1 in 12-cv-1446, 12-cv-1447, and 12-cv-1449;

    b. The copyright-assignment agreement for "Sexual Obsession" dated June 12, 2011 and attached as Exhibit B to ECF No. 1 in 12-cv-1445 and 12-cv-1448.

3. The plaintiff, as the proponent of the documents in question, shall bear the burden of establishing that each document is authentic. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.").

4. Mr. Alan Cooper shall appear in person at the evidentiary hearing.

5. An officer of the plaintiff, capable of testifying as to the authenticity of each document, shall appear in person at the evidentiary hearing.

6. Mr. Paul Godfread's request to file a motion to intervene in these cases (ECF No. 18 for 12-cv-1449) for the limited purpose of challenging the authenticity of the documents described above is **GRANTED**. Any such motion shall be filed forthwith.

DATED: August 28, 2013                                               *s/ Franklin L. Noel*
                                                                     FRANKLIN L. NOEL
                                                                     United States Magistrate Judge