# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

AF HOLDINGS LLC,

      Plaintiff,

CASE NO. 12-cv-1445

v.

Judge: Hon. Joan N. Ericksen

Magistrate Judge: Hon. Franklin L. Noel

JOHN DOE,

      Defendant.

## PLAINTIFF AF HOLDINGS LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AUGUST 28, 2013 ORDER

### INTRODUCTION

Plaintiff respectfully objects to the Magistrate Judge's August 28, 2013, order, which: (1) orders Plaintiff to conduct a Federal Rule of Evidence 901(a) authentication of a document, notwithstanding that Plaintiff is not seeking to satisfy Rule 901(a); (2) prohibits Plaintiff from using best practices to authenticate the document; and (3) orders Plaintiff's officer—who resides in Miami Beach, Florida—to appear in person at a September 30, 2013 evidentiary hearing in this District.[1] (ECF No. 36.)[2] The Court should sustain Plaintiff's objections for at least three independent reasons: (1) the August 28 Order will result in the issuance of an advisory opinion; (2) Plaintiff should be

---

[1] The portion of the order requiring an out-of-state officer to appear at an authentication hearing is qualitatively identical to an order to appear that was vacated by the Eighth Circuit via mandamus relief.

[2] Identical objections are being entered in five cases, Nos. 12-cv-1445, 1446, 1447, 1448 and 1449, the docket cites refer to filings in 12-cv-1445.

allowed to use best practices when performing its authentication; and (3) a person from Miami Beach, Florida cannot be compelled to attend an evidentiary hearing in this District.

## ARGUMENT

### I.    Federal Rule of Evidence 901(a) Issues are Moot and any Order on These Issues Would Constitute an Advisory Opinion

The August 28 Order orders Plaintiff to argue that Federal Rule of Evidence 901(a) does not present an issue in this matter. (*See* ECF No. 36.) Yet, Rule 901(a) authentication issues only arise when a party moves to admit items into evidence. *See* Fed. R. Evid. 901(a). Plaintiff has settled its copyright infringement claims (ECF No. 12); it is no longer trying to prove the elements of copyright infringement. This change in circumstances—which has exhausted Plaintiff's interest in addressing, *inter alia*, Rule 901(a) issues—renders Rule 901(a) issues moot. *See Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot.").

Further, any ruling on the issue by the Magistrate Judge would constitute an advisory opinion on what would happen if Plaintiff attempted a Rule 901(a) authentication. *Cf. MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 778 (2007) ("[N]o controversy exists when a [plaintiff] attempts to obtain a premature ruling on potential defenses that would typically be adjudicated in a later actual controversy."). The Rule 901(a) issue relating to Plaintiff's assignments is a matter that "would typically be

adjudicated in a later actual controversy"—namely, if Plaintiff moved for the admission of its assignments into evidence. *Id.* The August 28 Order attempts to create a controversy which has not arisen. *Id.* As such, it is clearly erroneous and contrary to law and should be set aside. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2; *see also Soliman v. Johanns*, 412 F. 3d 920, 923 (8th Cir. 2005) ("Upon a timely objection to a magistrate's order disposing of a nondispositive matter, a litigant is entitled to have the district court 'consider such objection[] and . . . modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'").

## II.   The Magistrate Judge Lacks Power to Dictate the Manner in Which Plaintiff Performs its Authentication

The Magistrate Judge ordered, "[A]n officer of the plaintiff, capable of testifying as to the authenticity of each document, shall appear in person at the evidentiary hearing." (ECF No. 36 at 3.) But there is no requirement that authentication be accomplished through the testimony of a party. *United States v. Wadena,* 152 F.3d 831, 854 (8th Cir. 1998) (explaining that the party authenticating the exhibit "need only prove a rational basis for that party's claim that the document is what it is asserted to be."); *see also* Fed. R. Evid. 901(b) (setting forth numerous, but "not a complete list," of examples regarding means to authentication). The requirement under Rule 901 is satisfied "if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Ruggiero,* 928 F.2d 1289, 1303 (2d Cir.

1991); *see also Jones v. National American University*, 608 F.3d 1039, 1045 (8th Cir. 2010) (explaining that authentication "may be done with circumstantial evidence.").

The documents to be authenticated are copyright assignments. The elements of an assignment are: (1) a writing; (2) signed by the assignor. 17 U.S.C. § 204; *see also Taylor Corp. v. Four Seasons Greetings, LLC,* 403 F.3d 958, 963 (8th Cir. 2005) (explaining that copyrights may be transferred from one entity to another when the assignment "is in writing and signed by the *owner* of the rights conveyed or such owner's duly authorized agent.") (emphasis added) (citing 17 U.S.C. § 204(a)); *Thomsen v. Famous Dave's of America, Inc.*, 640 F. Supp. 2d 1072, 1078 (D. Minn. 2009) ("Further, to transfer ownership of a copyright, there must be a writing signed by the owner. The writing need not contain any particular words or phrases; rather the inquiry is to give effect to the intent of the parties, which must demonstrate a transfer of the copyright."). As a district court in the Northern District of California stated:

> The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. While the assignment is signed by a representative of the assignors, it is not signed by a representative of the assignee, AF Holdings, LLC. Instead, it is signed by a representative of AF Films, LLC. As the law requires only that the assignment be signed by the assignor and not the assignee . . . this inconsistency does not prevent a prima facie showing of copyright ownership.

*AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 (internal citations omitted).

4

The purpose for which Plaintiff would use its assignments—if it was prosecuting its infringement claims, and it is not—would be to establish the assignor's transfer of the copyright to Plaintiff. Thus, the most natural person to authenticate the elements of an assignment is the assignor. Here, Plaintiff possesses an authenticating affidavit from the assignor, which establishes the elements of a writing that is signed by the assignor. Yet, the August 28 Order prohibits Plaintiff from using this method of authentication. This is clearly erroneous and contrary to law, and should therefore be set aside. *See Soliman* 412 F. 3d 920 at 923.

## III.  The Magistrate Judge Lacks Power to Order the Appearance of an Individual from Miami Beach, Florida

The August 28 Order ordered that "[a]n officer of plaintiff … shall appear in person at the evidentiary hearing." (*See* ECF No. 36 at 3.) Plaintiff's sole officer is Mark Lutz, and he resides in Miami Beach, Florida. The Magistrate Judge lacks the authority to order Mr. Lutz to appear at the evidentiary hearing. *See In re Champion Int'l Corp.*, No. 88-5050 (8th Cir. Feb. 10, 1988) (LEXIS, Genfed Library, Dist file) (granting petition for writ of mandamus or prohibition; district court was without authority to direct Champion's C.E.O. and Senior Vice President to travel from Connecticut to Minnesota to appear at trial); *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007); *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir. 1973) ("[T]he court has no power to force a civil defendant outside its subpoena jurisdiction to appear personally at the trial and there submit to examination.") Because the August 28 Order

orders the appearance of an individual outside of its subpoena jurisdiction, the order is clearly erroneous and contrary to law and must be set aside. *Soliman* 412 F. 3d at 923.

### CONCLUSION

The Court should sustain Plaintiff's objections to the August 28 Order.


Respectfully submitted,

DATED: September 3, 2013


/s/ Paul R. Hansmeier
Paul R. Hansmeier (MN Bar # 387795)
CLASS JUSTICE PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
E-mail: mail@classjustice.org
Phone: (612) 234-5744