UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS LLC, | CASE Nos. 12-cv-1445 (JNE/FLN) |
| Plaintiff, | |
| v. | Judge: Hon. Joan N. Ericksen |
| JOHN DOE, | Magistrate Judge: Hon. Franklin L. Noel |
| Defendant. | |

**PLAINTIFF AF HOLDINGS LLC'S OPPOSITION TO NON-PARTY ALAN COOPER'S MOTION TO INTERVENE**

Paul Godfread devotes a grand-total of *two* paragraphs of his fifteen-page "memorandum" to discussing why his client should be allowed to intervene. (*See* ECF No. 43 at 10-11.) In these two paragraphs he fails to cite a single case supporting his position, and instead transcribes excerpts of Federal Rule of Civil Procedure 24 and summarily concludes that the criteria contained therein are satisfied. (*Id.*) The remaining portion of his memorandum—that is, virtually all of it—is devoted to regurgitating "forgery" narratives that have long been dismissed by the would-be "victims" of these imaginary conspiracies, not to mention the courts to which they were presented. (*Id.*)

Alan Cooper is, at most, Paul Godfread's nominal client. First, Paul Godfread's memorandum of law makes no attempt to hide his actual motive for participating in this case: he wants money. (ECF No. 45 at 15.) Second, as set forth herein, Alan Cooper himself has no interest at stake in this litigation. If it were not for Paul Godfread's interest


in generating fees, Alan Cooper would have no apparent reason for attempting to intervene in this case.

The Court should deny Mr. Cooper's motion because: (1) the Court should defer to the district court's prior order; (2) Mr. Cooper has not met his burden of justifying relief under Rule 24; and (3) Mr. Godfread has committed a fraud on the Court by presenting objectively unreasonable accusations of forgery. Further, the Court should impose sanctions against Mr. Cooper and his attorney in light of the misconduct identified herein.

## I. The Court Should Defer to the District Court's Authority

On November 29, 2012, attorney Paul Godfread filed a letter with the district court expressing Mr. Cooper's concern that "his name or identity is being used without his consent as the CEO of AF Holdings, LLC." (ECF No. 18 in 12-cv-1449.) In that letter, Mr. Godfread requested leave to file a motion to intervene. (*See id.*). After reviewing the letter, the district court ruled that it would "take no action" on the request. (*Id.* at ECF No. 19.)

Yet, on August 28, 2013, this Court overruled the district court by granting Mr. Cooper's request for leave to file a motion to intervene. (*See id.* at ECF No. 55.) At the August 6, 2013, pretrial conferences, this Court expressed its concern about interfering with the district court's order on Doe Defendant communications. Plaintiff submits that the Court should adopt a similar stance with respect to the district court's decision to "take no action" on Mr. Cooper's request for leave. This could be accomplished by

vacating the August 28, 2013, order or simply denying Cooper's request. Regardless, the Court should defer to the district court's existing order.

## II.  The Criteria of Rule 24 are not Satisfied

In his two paragraphs of analysis, Paul Godfread attempts to show that his nominal client, Alan Cooper, may intervene in this case under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B). As discussed herein, intervention fails under either theory.

### A.  Intervention Pursuant to Fed. R. Civ. P. 24(a)(2)

The criteria for intervention under Fed. R. Civ. P. 24(a)(2) are: (1) a timely application; (2) the party must have a recognized interest in the subject matter of the litigation; (3) the interest must be one that might be impaired by the disposition of the litigation; and (4) the interest must not be adequately protected by the existing parties. *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1160 (8th Cir. 1995). The applicant for intervention bears the burden of establishing that all of these factors are satisfied. *Id.* Paul Godfread failed to discuss—much less meet his burden of showing that any of these factors are satisfied. The motion to intervene should be denied for this reason alone.

Intervention is not timely. While Paul Godfread was directed nearly one month ago to file the motion to intervene "forthwith", Paul Godfread waited nearly one month to do so. (*See* ECF No. 36.) By failing to file the motion in a timely manner, the motion will not be heard until well after the very hearing at which he claims his client's interests are affected. (*See* ECF No. 48.)

Alan Cooper does not have a recognized interest in the subject matter of the instant litigation. This lawsuit is about whether Plaintiff owns a copyright and whether

3

that copyright was infringed. (*See* ECF No. 1.) Plaintiff's complaint does not make any statements about whether the use of Mr. Cooper's name was authorized, or whether Mr. Cooper has anything to do with the litigation. (*Id.*)

Even if Alan Cooper had an interest in the subject matter of the instant litigation, he has made no showing of how a Rule 901 authentication of a copyright assignment has any bearing on the issue of the use of his name. The elements of copyright assignment are: (1) a writing; that is (2) signed by the assignor. Mr. Cooper's repudiation does not touch on either of these elements.

**B.     Intervention Pursuant to Fed. R. Civ. P. 24(b)(1)(B)**

An applicant for permissive intervention bears the burden of making a timely motion showing that he has a claim or defense that shares with the main action a common question of law or fact. *See Union Elec. Co.*, 64 F.3d at 1170 n.9. Yet, Alan Cooper already filed a case in Minnesota in which he alleges that Plaintiff and others invaded his privacy. Cooper's complaint does not arise out of facts pertaining to copyright infringement. In this case, Plaintiff alleged that third-party doe defendants infringed on its copyright. Because Mr. Cooper's association with Plaintiff has no bearing on whether Plaintiff owns a copyright or whether Plaintiff's copyright was infringed, there is nothing in this case that is common to the case filed in Minnesota by Mr. Cooper. Furthermore, the parties in the two respective cases are almost entirely different. In this case, the parties are Plaintiff AF Holdings LLC and a doe defendant. In Mr. Cooper's Minnesota action, the parties are Mr. Cooper, John Steele, Prenda Law, Inc., AF Holdings LLC and Ingenuity13 LLC.

### C.  Paul Godfread's Actual Motive for Intervening is Improper

Paul Godfread makes no attempt to hide his true motive for intervening. In the closing paragraph to his nominal client's motion, he requests that the Court award Alan Cooper—an individual who has not appeared in or done anything in this case—his reasonable attorneys' fees. (*See* ECF No. 45 at 15.) Paul Godfread is an attorney who has tried to make a career out of frivolous complaints and sanctions motions. This is the reason why he has an interest in this case.

### III.  Mr. Cooper—or More Accurately his Attorney, Paul Godfread—has Engaged in Extreme Misconduct by Submitting Outright Lies to the Court

Plaintiff will address Paul Godfread's comments regarding Alan Cooper's repudiation at the forthcoming September 30, 2013, evidentiary hearing. Herein, Plaintiff will address Paul Godfread's outright lies contained in the section of his memorandum entitled, "Attorneys for AF Holdings Have Submitted Forged or Altered Documents in Other Cases." (*See id.* at 8.). Specifically, Paul Godfread claims—falsely—that attorneys for the Plaintiff have submitted documents with the forged signatures of Peter Hansmeier, Allan Mooney, Salt Marsh and Daniel Weber in other cases. (*See id.*) The problem with Paul Godfread's claim is that three of the four individuals whose signatures were supposedly "forged" have executed notarized affidavits that are inconsistent with Godfread's narrative. The final individual, Salt Marsh, is not even a natural person; "Salt Marsh" is the name of the trust that owns AF Holdings LLC.

///

///

### A.     Peter Hansmeier

Paul Godfread claims that Peter Hansmeier's signature was forged because it bears a high degree of similarity to a prior signature of the undersigned. This accusation is fraudulent to its core. As an initial matter, Paul Godfread undertook zero investigation of his claim prior to submitting it to this Court. He never: (1) contacted Peter Hansmeier to determine whether his signature was forged; (2) contacted the undersigned to ask if he forged his brother's signature; or (3) contacted any of the attorneys who submitted the documents to ask if the signatures were forged. Instead, relying on his amateur handwriting analysis, he determined that the signatures were very similar and on this basis felt comfortable representing to this Court that Peter Hansmeier's signature was forged.

The obvious problem with Paul Godfread's shallow analysis is that does not touch on the actual elements of forgery. Forgery is the making of a writing that purports to be the act of another who did not authorize that act with the intent to defraud or injure anyone. *See, e.g., U.S. v. Chavarria-Brito*, 526 F.3d 1184 n.2 (8th Cir. 2008). Paul Godfread's analysis simply has no bearing on whether Peter Hansmeier adopted the mark that Paul Godfread challenges. And Peter Hansmeier is prepared to submit an affidavit that he did, in fact, adopt the challenged mark for purposes of executing declarations. Paul Godfread's accusation—which was levied without any meaningful prior investigation—is, at best, extremely reckless and, at worst, a fraud on the Court. In either case, it is sanctionable.

### B.     Allan Mooney

Mr. Mooney is another victim of Paul Godfread's fraudulent accusations. Mr. Mooney executed a notarized verification in connection with a petition for pre-suit discovery in a case pending in the Circuit Court for St. Clair County, Illinois. As is typical, Paul Godfread's cohorts immediately challenged Mr. Mooney's signature as a forgery. To address these accusations, Mr. Mooney executed an affidavit affirming his original signature. This affidavit, too, was accused of being a forgery. Mr. Mooney had to go so far as to obtain security footage from the bank where he executed the affidavit to affirm that he was both a real person and that he executed the affidavit. The court deciding the presuit petition rejected Paul Godfread's cohorts' allegations of forgery and, as a sanction, struck the papers containing these accusations. Paul Godfread's effort to resurrect these allegations—without disclosing that they have already been rejected by a court of law and sanctioned—is, at best, extremely reckless and, at worst, a fraud on the Court. In either case, it is sanctionable.

### C.     Salt Marsh

Salt Marsh is the name of the trust that owns AF Holdings LLC. It is not a natural person. Attorney Godfread's cohorts in California have attempted to convert the Salt Marsh trust issue into an allegation of fraud and forgery, but they have not presented a coherent case for the same. Paul Godfread's failure to disclose that Salt Marsh is the name of a trust—and  not a natural person—and his claim that Salt Marsh's signature was forged is a fraud on this Court. It is also sanctionable.

///

**D.    Daniel Weber**

Plaintiff does not know why Paul Godfread claims that Mr. Weber's signature was forged. Mr. Weber submitted a notarized affidavit to the U.S. District Court for the Middle District of Florida. *See Sunlust Pictures LLC v. Tuan Nguyen*, No. 8:12-cv-1685 (M.D. Fla. Dec. 26, 2012) at ECF No. 44-1. The notarized affidavit clarified certain points in a declaration filed six days earlier. *Id.* at ECF No. 40-2. Paul Godfread has no plausible basis for claiming that Mr. Weber's notarized signature is a forgery. Plaintiff strongly suspects that Mr. Godfread has failed to perform any investigation whatsoever into the issue. If so, then this is just one more example of sanctionable fraud committed by Mr. Godfread.

## CONCLUSION

Paul Godfread's motion to intervene filed on behalf of his nominal client, Alan Cooper, should be rejected. Paul Godfread has failed to satisfy his burden of demonstrating that intervention is appropriate. Further, Paul Godfread has targeted this Court with repeated fraudulent accusations. This Court should deny Paul Godfread's motion and issue an order to show cause for why he should not be sanctioned for his extreme misconduct. Finally, the Court should take notice Paul Godfread's tactics and consider whether there is any reason to believe that Alan Cooper's repudiation has any more credibility than Paul Godfread's other lies.

///

///

///

          Respectfully submitted,

DATED: September 27, 2013

          s/ Paul Hansmeier
          Paul Hansmeier
          Bar Number 387795
          Attorney for Plaintiff
          Class Justice PLLC
          100 South Fifth Street, Suite 1900
          Minneapolis, MN 55402
          Telephone: (612) 234-5744
          mail@classjustice.org