```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA

------------------------------------------------------------
                              )
  AF Holdings, LLC,           )   File No. CV-12-1445 (JNE/FLN)
                              )   File No. CV-12-1446 (JNE/FLN)
          Plaintiff,          )   File No. CV-12-1447 (JNE/FLN)
                              )   File No. CV-12-1448 (JNE/FLN)
  vs.                         )   File No. CV-12-1449 (JNE/FLN)
                              )
  John Doe(s),                )   Minneapolis, Minnesota
                              )   September 30, 2013
          Defendant(s).       )
                              )
                              )
------------------------------------------------------------



              BEFORE THE HONORABLE FRANKLIN L. NOEL
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

              (EXCERPT FROM TESTIMONY OF ALAN COOPER)




  APPEARANCES
    For the Plaintiff:      Class Action Justice Institute
                            PAUL R. HANSMEIER, ESQ.
                            40 South Seventh Street, #212-213
                            Minneapolis, Minnesota 55402

    For Witness Alan        Godfread Law Firm
    Cooper:                 PAUL A. GODFREAD, ESQ.
                            100 South Fifth Street, #1900
                            Minneapolis, Minnesota 55402

    Court Reporter:         LORI A. SIMPSON, RMR-CRR
                            300 South Fourth Street, #1005
                            Minneapolis, Minnesota 55415




     Proceedings recorded by mechanical stenography;
  transcript produced by computer.
```

1        \* \* \*

2        **(Excerpt from hearing)**

3        \* \* \*

4        THE COURT:  I have a few questions of Mr. Cooper.

5    Let me have back Exhibits 1 and 2.

6                          **EXAMINATION**

7    BY THE COURT:

8    Q.  Are you familiar with a company called AF Holdings, LLC,

9    Mr. Cooper?

10   A.  I know of it now, yes.

11   Q.  When did you first learn of it?

12   A.  When I got that text from Kim Eckenrode.

13   Q.  Have you ever heard of a company called AF Films, LLC?

14   A.  No, unless I seen it in some paperwork somewhere, but

15   all this paperwork, I don't read very much of it.

16   Q.  And what you know about AF Holdings, LLC, came from

17   facts you learned after getting this text from Kim?

18   A.  Yes.

19   Q.  Did you ever hold any position with either AF Holdings,

20   LLC, or AF Films, LLC?

21   A.  No, sir.

22   Q.  Did you ever sign any documents on behalf of

23   AF Holdings, LLC?

24   A.  No.

25   Q.  Did you ever sign any documents on behalf of AF Films,

1   LLC?
2   A.  No.
3   Q.  I'm going to show you what's been admitted as the
4   Court's Exhibit Number 1.  I'm going to ask you to look at
5   page 3 of that document.  Do you see a line that says, "Alan
6   Cooper"?
7   A.  Yes, sir.
8   Q.  Is that your signature above the line?
9   A.  No, it is not.
10  Q.  Do you know who signed it?
11  A.  No, I do not.
12  Q.  Did you authorize anyone to sign your name to Exhibit 1?
13  A.  No, I did not.
14  Q.  Did you know that Exhibit 1 was being submitted to a
15  court in connection with a lawsuit against John Doe bearing
16  what purports to be your signature?
17  A.  No, I did not.
18  Q.  I'm going to show you what's been admitted as Exhibit 2.
19  Have you ever seen that document before?
20  A.  Prior to all this coming out, no.
21  Q.  Do you see a line -- a signature line on the second page
22  of that document that says, "Alan Cooper"?
23  A.  Yes, I do.
24  Q.  Did you sign that?
25  A.  No, I did not.

1  Q. Did you authorize anyone else to sign your name to
2  Exhibit 2?
3  A. No, I did not.
4  Q. Did you know that Exhibit 2 was being submitted to the
5  court in connection with a lawsuit against John Doe bearing
6  what purports to be your signature?
7  A. No, I did not.
8        THE COURT: Mr. Godfread, did you want to ask your
9  client any questions?
10       MR. GODFREAD: Just briefly a few, Your Honor, to
11 clarify.
12                         **EXAMINATION**
13 BY MR. GODFREAD:
14 Q. Mr. Cooper, you heard Mr. Steele testify just earlier
15 today that he approached you in 2010 to become involved in
16 the porn industry in general?
17 A. Yes, I did.
18 Q. Did you take any action to become involved in the porn
19 industry in 2010?
20 A. No, I did not.
21 Q. Or any time since then?
22 A. No, I have not.
23 Q. Are you familiar with the name of the company VPR, Inc.?
24 A. I have heard of it.
25 Q. When, about, would you have heard of it?

1   A.  Within the last year.

2   Q.  Not in 2010?

3   A.  No.

4   Q.  Did you ever sign any documents on behalf of VPR, Inc.?

5   A.  No, I did not.

6   Q.  Did you ever agree to become an officer of VPR, Inc.?

7   A.  No, I did not.

8   Q.  Did you agree to have any position with VPR, Inc.?

9   A.  No, I did not.

10  Q.  And I apologize if I already asked this, but I want to
11  be clear.  Did you authorize anyone else to sign your name
12  on any document for VPR, Inc.?

13  A.  No, I have not.

14  Q.  Have you ever met Mark Lutz?

15  A.  No, I have not.

16  Q.  Have you ever spoken on the phone with Mark Lutz?

17  A.  No, I have not.

18  Q.  Have you ever indirectly told someone to talk to Mark
19  Lutz on your behalf?

20  A.  No, I did not.

21  Q.  I believe Magistrate Judge Noel asked you about the two
22  documents that are already exhibits.  Are there any other
23  documents having anything to do with AF Holdings or AF Films
24  that you know your name appears on?  I'll rephrase.  Have
25  you authorized your name to appear on any other documents

1  relating to AF Holdings?

2  A.  No, I have not.

3  Q.  Have you authorized your name to appear on any other

4  documents relating to AF Films?

5  A.  No, I did not.

6  Q.  You testified that Kim Eckenrode sent you a text message

7  in November 2012; is that correct?

8  A.  That is correct.

                          * * *

                **(Excerpt from hearing concluded)**

                          * * *

19       I, Lori A. Simpson, certify that the foregoing is a

20  correct transcript from the record of proceedings in the

21  above-entitled matter.

23              Certified by:  *s/ Lori A. Simpson*

24                             Lori A. Simpson, RMR-CRR