```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

-----------------------------------------------------------------
                               )
 AF Holdings, LLC,             )   File No. CV-12-1445 (JNE/FLN)
                               )   File No. CV-12-1446 (JNE/FLN)
         Plaintiff,            )   File No. CV-12-1447 (JNE/FLN)
                               )   File No. CV-12-1448 (JNE/FLN)
 vs.                           )   File No. CV-12-1449 (JNE/FLN)
                               )
 John Doe(s),                  )   Minneapolis, Minnesota
                               )   September 30, 2013
         Defendant(s).         )
                               )
                               )
-----------------------------------------------------------------
```

BEFORE THE HONORABLE FRANKLIN L. NOEL
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

**(EXCERPT FROM EVIDENTIARY HEARING)**

APPEARANCES

```
  For the Plaintiff:       Class Action Justice Institute
                           PAUL R. HANSMEIER, ESQ.
                           40 South Seventh Street, #212-213
                           Minneapolis, Minnesota 55402

  For Witness Alan         Godfread Law Firm
  Cooper:                  PAUL A. GODFREAD, ESQ.
                           100 South Fifth Street, #1900
                           Minneapolis, Minnesota 55402

  Court Reporter:          LORI A. SIMPSON, RMR-CRR
                           300 South Fourth Street, #1005
                           Minneapolis, Minnesota 55415
```

   Proceedings recorded by mechanical stenography;
transcript produced by computer.

1                          * * *

2                    **(Excerpt from hearing)**

3                          * * *

4              THE COURT:  All right.  Well, one of the things I

5     said in the order was Mr. Cooper shall appear in person,

6     which he did, and you examined him.  Then I said, "An

7     officer of the plaintiff capable of testifying as to the

8     authenticity of each document," referring to Exhibit B to

9     the complaints, "shall appear in person at the evidentiary

10    hearing."  Correct me if I'm wrong, but we have not heard

11    from anyone from AF Holdings.  Is that correct?

12             MR. HANSMEIER:  That's correct, Your Honor.  I

13    did --

14             THE COURT:  Just to make sure we're clear, we've

15    heard from Mr. Steele, who I'm not sure what his

16    relationship to all of this is other than he testified he

17    was a former law partner of I'm assuming you?

18             MR. HANSMEIER:  Yes, that's correct, Your Honor.

19             THE COURT:  And we've heard from Mr. Berry, who is

20    a real estate agent up in northern Minnesota?

21             MR. HANSMEIER:  That's correct.

22             THE COURT:  And we heard from Jason Flesher, who

23    was an acquaintance of Mr. Cooper, correct?

24             MR. HANSMEIER:  Yes, a mutual friend of

25    Mr. Cooper's and Mr. Steele's.

1       THE COURT: And we've heard from Mr. Cooper. So
2  where's AF Holdings?
3       MR. HANSMEIER: I certainly understand the
4  question and I know that the plaintiff filed objections to
5  the order for Mr. Lutz to appear, but that aside, Mr. Lutz
6  was informed of the hearing. He indicated his intention to
7  attend the hearing and, in fact, I even have his boarding
8  pass that he was supposedly going to have to come here
9  today. I don't know why Mr. Lutz isn't here. I have not
10 been able to get in touch with him.
11      THE COURT: Mr. Lutz, you're representing to the
12 Court, is an officer of AF Holdings?
13      MR. HANSMEIER: The sole officer, yes.
14      THE COURT: The sole officer. Sole employee?
15      MR. HANSMEIER: I'm not sure -- I mean, I am
16 getting into --
17      THE COURT: Okay. Never mind. I will withdraw
18 that question. But he's the guy who would be able to
19 testify on behalf of AF Holdings?
20      MR. HANSMEIER: He's the guy. And I would mention
21 that he has previously shown his willingness to attend
22 proceedings before this court. He did make -- or he did
23 take the opportunity to attend the August 5th case
24 management conference.
25      THE COURT: By telephone?

1                MR. HANSMEIER:  He was here in person.

2                THE COURT:  He was here in person?

3                MR. HANSMEIER:  Absolutely.

4                THE COURT:  And you expected him to be here today,

5     but he just failed to appear?

6                MR. HANSMEIER:  Yes.  And I have not been able --

7     I have tried --

8                THE COURT:  You have tried to call him?

9                MR. HANSMEIER:  -- obviously to try to reach him

10    via phone, via e-mail.  I have not been able to reach him.

11               And, in fact, he was booked on the same flight as

12    Mr. Steele from Miami, Florida, and Mr. Steele showed up at

13    Mr. Lutz's apartment the morning of the flight and went into

14    the apartment and found the apartment -- that Mr. Lutz was

15    not in his apartment in about, I want to say, 7:00 a.m. or

16    so.

17               He drove around South Beach, Miami, looking for

18    Mr. Lutz at all of Mr. Lutz's usual places to recreate and

19    he was unable to find Mr. Lutz.  And he talked with some of

20    Mr. Lutz's friends that he was able to get on the phone and

21    they said that Mr. Lutz had told everyone that he was

22    hanging out with that night that he needed to call -- make

23    it an early night because he was coming here to Minnesota to

24    testify in this case.

25               THE COURT:  Mr. Lutz lives in Miami, Florida?

1           MR. HANSMEIER:  He does.
2           THE COURT:  Okay.  Is there any other record you
3  want to make regarding your attempt to produce an officer of
4  AF Holdings to testify?
5           MR. HANSMEIER:  With leave of the Court, I would
6  like to have an opportunity to file a declaration
7  explaining -- more or less recapping the circumstances
8  presented here, along with attaching his boarding pass to
9  show that he had, in fact, purchased a ticket.
10          THE COURT:  How did you get ahold of his boarding
11 pass, just out of curiosity?
12          MR. HANSMEIER:  Mr. Steele had it.  That's why he
13 was at Mr. Lutz's apartment, he was going to pick him up to
14 go to the airport.
15          THE COURT:  Okay.
16          MR. GODFREAD:  Your Honor, if I may note --
17          THE COURT:  Hold on one second.  Anything else you
18 want to put on the record at all, then?  You rest?  You want
19 to file a declaration and then be done?
20          MR. HANSMEIER:  That's correct, Your Honor.
21          THE COURT:  Thank you.  Have a seat.
22          Mr. Godfread, something else you wanted to say?
23          MR. GODFREAD:  Yes, Your Honor.  I just briefly
24 wanted to call attention to the Court that Mr. Lutz has
25 failed to appear for other evidentiary hearings in the --

1        MR. HANSMEIER:  Objection, Your Honor.  He --

2        THE COURT:  We're just arguing here.  There's no

3   evidence being taken at the moment.

4        MR. GODFREAD:  For example, a case pending -- an

5   AF Holdings case pending in the Northern District of

6   California, <u>AF Holdings v. Navasca</u>, Mr. Lutz was again

7   supposed to appear to testify for AF Holdings.  He did not

8   show for a -- I believe it was an evidentiary hearing before

9   Magistrate Judge Vadas, if I am saying that correctly,

10  V-a-d-a-s, without explanation at the time.  I believe he's

11  also failed to appear for a noticed deposition in a case

12  pending in Georgia, another AF Holdings case as well.

13       Nothing else.  I just wanted to point out to the

14  Court that from my perspective I'm seeing a pattern of no

15  show when it's a matter of testifying under oath by

16  Mr. Lutz.

17       THE COURT:  All right.  Mr. Hansmeier --

18       MR. HANSMEIER:  May I have rebuttal?

19       THE COURT:  -- do you wish to respond to that?

20       MR. HANSMEIER:  I mean, this is a pattern of

21  conduct by Attorney Godfread, presenting arguments to the

22  court without a full and fair explanation of what's on the

23  record and what he very well knows is on the record.  This

24  is -- it's an incredible pattern of misconduct on

25  Mr. Godfread's part.

1   The explanation for the Northern District of
2   California case is that again Mr. Lutz intended to appear.
3   He had a plane ticket, but he was apparently detained by
4   agents in the airport, federal agents, who detained him for
5   ten hours before he could -- before they released him on his
6   own recognizance through no -- at least according to -- and
7   I am reading this through an affidavit. I don't have
8   personal knowledge of the circumstances, but this is an
9   affidavit that was filed in the case where Mr. Lutz
10  explained that he was detained in the airport. He was
11  released --
12              THE COURT: By whom?
13              MR. HANSMEIER: Well, the affidavit says federal
14  agents. So it could be TSA. It could be who knows.
15              THE COURT: There's no identification of what
16  agents held him or for what purpose?
17              MR. HANSMEIER: I believe Mr. Lutz was asked to
18  file the affidavit, a more fuller explanation, under seal
19  for purposes of -- you know, it's an embarrassing
20  circumstance, but it was through no fault of his own, no
21  legal proceedings or anything.
22              And Mr. Lutz has appeared before a federal court
23  and testified under oath in the District of Arizona, subject
24  to cross examination, under oath, Judge Snow. And so
25  this --

1       THE COURT:  About what topics?  The same topics
2  that are at issue here?
3       MR. HANSMEIER:  The very same topics.  It was a
4  hearing that was held shortly in the wake of Judge Wright's
5  order being issued and so Judge Snow of the District of
6  Arizona issued an order to show cause regarding ownership
7  issues and the Alan Cooper issue.
8       THE COURT:  And did Mr. Lutz testify regarding the
9  authenticity of the assignment agreements at issue in this
10 case?
11      MR. HANSMEIER:  I can't say specifically what his
12 testimony was in that case.  I was not an attorney of record
13 on it and I was not at the hearing and I have not reviewed
14 the transcript of the hearing, but I am aware that the
15 order to show cause that issued had the concern of forgery
16 and the concern of the ownership structure and whether
17 there was adequate disclosure of who owns what in terms of
18 AF Holdings.
19      THE COURT:  All right.  Have I heard you out?
20      MR. HANSMEIER:  And as for the deposition thing, I
21 just don't know what the circumstances are about that.  But
22 yes.
23      THE COURT:  All right.  I will take all of this
24 under advisement.  Any declaration you want to file, get it
25 filed by close of business tomorrow, October 1st, regarding

1  Mr. Lutz.  I will take the matter under advisement and issue
2  an order in due course.  Thank you all very much for coming.
3  We are in recess.

                              *  *  *

                **(Excerpt from hearing concluded)**

                              *  *  *

11       I, Lori A. Simpson, certify that the foregoing is a
12  correct transcript from the record of proceedings in the
13  above-entitled matter.

15              Certified by:   *s/ Lori A. Simpson*
16                              Lori A. Simpson, RMR-CRR