# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

AF HOLDINGS LLC,

    *Plaintiff,*

  v.

JOHN DOE

    *Defendant.*

Case No. 12-cv-1445 (JNE/FLN)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION FOR A STAY

On November 6, 2013, Magistrate Judge Noel invoked Article III powers to issue an exceedingly punitive sanctions order against Plaintiff without prior notice or an opportunity to be heard. (Dkt. No. 67.) Plaintiff requests a stay of the Magistrate Judge's order pending this Court's ruling on Plaintiff's objections, which will be filed pursuant to Federal Rule of Civil Procedure 72 on or before the due date of November 20, 2013.

All of the factors favoring a stay are present in this case. Plaintiff has a reasonable prospect of success on the merits of its objections, which present substantial and novel legal questions; Plaintiff will suffer irreparable harm absent a stay; a stay for the limited purpose of securing review of this Court will not substantially harm anyone; and a stay is in the public interest.

## LEGAL STANDARD

The standard for a motion seeking a stay pending review of a lower court's decision consists of four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Jake's Ltd. v. City of Coates*, 169 F. Supp. 2d 1014, 1017 (D. Minn. 2001).

District courts properly stay orders when they involve an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained pending review. *See, e.g., Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004). In such a case, the "likelihood of success" factor is satisfied "when the 'question presented … is not wholly without doubt.'" *Lakehead Pipe Line Co. v. Investment Advisors, Inc.*, 900 F. Supp. 234, 235 (D. Minn. 1995) (quoting *In re Worker's Compensation Refund*, 851 F. Supp. 1399, 1401 (D. Minn. 1994)) (alteration in original).

## ARGUMENT

For the reasons set forth herein, Plaintiff has a strong likelihood of success on the merits of its objections. But, even if the Court disagrees, there

can be no reasonable dispute that the Magistrate Judge's order imposing sanctions on Plaintiff involves substantial and novel legal questions related to the power and authority of magistrate judges, the factual and legal sufficiency of the order imposing sanctions and whether the Magistrate Judge erred in declining to disqualify himself from these high-profile proceedings.

On any and all of these issues, it is "not wholly without doubt" that the Court will reach a different conclusion from that of the Magistrate Judge. *In re Worker's Compensation Refund,* 851 F. Supp. at 1401.[1] The reasonable possibility that Plaintiff will prevail on its objections weighs sharply in favor of granting a stay.

The balance of the equities also favors a stay. The beneficiaries of the Magistrate Judge's order—the individuals who settled with Plaintiff—will simply be required to wait until the Court rules on Plaintiff's objections to learn whether their settlement funds will be remitted. But failing to stay the order would irreparably harm Plaintiff. The Magistrate Judge's order, for example, involves referrals to panoply of federal and state agencies for further investigation, including the U.S. Attorney for the District of Minnesota and its corresponding state agencies. Further, the Magistrate Judge's order is already being cited to in other proceedings as final,

---

[1] The Court should review *de novo* every aspect of the Magistrate Judge's order other than the Magistrate Judge's denial of Plaintiff's motion to disqualify. *See* Fed. R. Civ. P. 72(b)

persuasive authority. Finally, granting the stay will serve the public interest by promoting confidence in the judiciary via an independent review of the Magistrate Judge's denial of Plaintiff's motion to disqualify.

## I. AT THE VERY LEAST, THIS CASE PRESENTS SUBSTANTIAL AND NOVEL LEGAL QUESTIONS THAT MERIT A STAY.

This case raises several "substantial and novel legal questions" regarding the powers of magistrate judges, the factual and legal sufficiency of the order imposing sanctions and whether the Magistrate Judge erred in declining to disqualify himself from these high-profile proceedings. Accordingly, the Plaintiff need only show that the questions presented in its objections are "not wholly without doubt." *In re Worker's Compensation Refund*, 851 F. Supp. at 1401. Plaintiff meets this threshold.

*First,* the Magistrate Judge exceeded his authority in several material respects. A magistrate judge's authority is bounded by statute, 28 U.S.C. § 636, and extends, with certain exceptions, to determining pretrial matters that are before the Court. *See Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995, 998 n.5 (6th Cir. 1992). The sanctions order reopened cases that were previously dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1), vacated the terms of settlement agreements over which the court had no jurisdiction, ordered cases dismissed on the merits with prejudice and ordered Plaintiff to pay the attorneys' fees of individuals who were never

named as parties in this case—and all of this happened on the Magistrate Judge's own initiative, and not on the motion of an interested party.

No provision of 28 U.S.C. § 636 indicates that a magistrate judge may reopen a case for the purpose of issuing sanctions, or for any other purpose for that matter. *See Homico Constr. & Dev. Co. v. Ti-Bert Sys., Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991) ("We note that, since the case was dismissed prior to consideration of sanctions, this was not a 'pretrial matter' and, thus, could not have been properly referred to the magistrate under section 636(b)(1)(A).")

In addition to reopening the case, the Magistrate Judge exceeded his authority by ordering Plaintiff to perform a "hypothetical" Federal Rule of Evidence 901(a) authentication of a copyright assignment; the authentication was hypothetical because Plaintiff had not moved to admit the assignment into evidence. Thus, the Rule 901(a) issue was not a case or controversy before the Court, and nothing in the Federal Magistrates Act confers powers on magistrate judges to "create" cases and controversies.

The Magistrate Judge also exceeded his authority by invoking Article III powers to impose sanctions under the Court's inherent powers, which magistrate judges simply do not possess. *See, e.g., Reddick v. White*, 456 F. App'x 191, 193 (4th Cir. 2011) (per curiam) ("[A] motion for sanctions under the district court's inherent power is not a pretrial matter under §

636(b)(1)(a)."). Even if the Magistrate Judge has the power to invoke the Court's inherent powers, he must do so in the form of a report and recommendation, rather than a final order.

Finally, the Magistrate Judge exceeded his power by sanctioning Plaintiff without notice or an opportunity be heard. The sanctions order arose after a Federal Rule of Evidence 901(a) authentication hearing. The consequence of falling short of the Rule 901(a) authentication standard is a finding of inadmissibility, not fraud on the Court.

*Second,* the order imposing sanctions was inadequate from both a factual and legal standpoint. The order concluded that Plaintiff's copyright assignments were "fraudulent," and thus constituted a fraud on the court, but failed to consider the legal elements of both copyright assignment and fraud, and did not contain factual findings sufficient to support conclusions regarding those matters.

As for the law of copyright assignment, the formal elements of a copyright assignment are: (1) a writing; (2) signed by the assignor. 17 U.S.C. § 204; *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 963 (8th Cir. 2005) (explaining that copyrights may be transferred from one entity to another when the assignment "is in writing and signed by the *owner* of the rights conveyed or such owner's duly authorized agent.") (emphasis added) (citing 17 U.S.C. § 204(a)); *Thomsen v. Famous Dave's of America,*

*Inc.*, 640 F. Supp. 2d 1072, 1078 (D. Minn. 2009) ("Further, to transfer ownership of a copyright, there must be a writing signed by the owner. The writing need not contain any particular words or phrases; rather the inquiry is to give effect to the intent of the parties, which must demonstrate a transfer of the copyright.") Neither of these elements is mentioned in the sanctions order, or even in dispute. Instead, Alan Cooper's signature appears as an acknowledgement on behalf of the assignee—Plaintiff—which does not dispute receiving the assignment.

As for the issue of fraud, the basic elements are well-known: (1) a false statement of material fact; (2) knowledge on the part of the speaker that the statement is untrue; (3) intent to deceive; (4) justifiable reliance by the alleged victim; and (5) injury. These elements are not mentioned or discussed in the sanctions order. The Magistrate Judge's concern was whether Alan Cooper authorized Plaintiff to use Cooper's name. Mr. Cooper contends that Plaintiff did not have authorization; Plaintiff contends that it did.

Regardless, though, even if the Magistrate Judge found Cooper to be credible, it does not unerringly follow that Plaintiff committed a fraud. For that to be true, the Magistrate Judge would have had to find that Plaintiff lacked a good faith belief about its authorization from Mr. Cooper, that Plaintiff presented Mr. Cooper's name to the Court to gain something it could not have otherwise gotten, that the Court relied on Mr. Cooper's name to

some end, and that harm was caused by this reliance. None of these factors are demonstrated by the sanctions order. Plaintiff presented its assignment to the Court for the purpose of demonstrating a prima facie showing of copyright ownership, and Plaintiff's authorization to use Alan Cooper's name is irrelevant for this purpose. As a district court in the Northern District of California noted:

> The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. While the assignment is signed by a representative of the assignors, it is not signed by a representative of the assignee, AF Holdings, LLC. Instead, it is signed by a representative of AF Films, LLC. As the law requires only that the assignment be signed by the assignor and not the assignee . . . this inconsistency does not prevent a prima facie showing of copyright ownership.

*AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 (internal citations omitted). Thus, the sanctions order fails to make a showing of fraud on the court.

It bears mentioning that Alan Cooper is not without a remedy if he genuinely believes that his name was used without his permission; and, indeed, he is pursuing a remedy via his lawsuit against John Steele, Prenda Law, Inc., AF Holdings, LLC and Ingenuity13, LLC that is currently pending in this district. The key, though, for the purposes of this case is that Mr.

Cooper's concerns about the unauthorized use of his name are irrelevant to the claims Plaintiff asserted against the Doe Defendant. Not every dispute between Mr. Cooper and the Plaintiff is relevant to this case.

*Third*, the Magistrate Judge erred by applying the wrong legal standard in denying Plaintiff's motion to disqualify. The Magistrate Judge denied Plaintiff's motion to disqualify on the grounds that his speech did not violate the Code of Conduct for United States Judges. (*See* ECF No. 67 at 10.) Yet, the legal standard applicable to motions for disqualification is whether a judge's conduct creates an appearance of partiality. To be sure, if the Magistrate Judge had clearly violated the Code of Conduct, then disqualification would be mandatory. However, as set forth in Plaintiff's motion to disqualify, the Magistrate Judge's actions triggered other grounds for disqualification that are independent from other possible violations of the Code of Conduct. The sanctions order did not consider or make findings on those grounds.

## II. PLAINTIFF WILL SUFFER IRREPARABLE HARM IF A STAY IS NOT GRANTED.

The Magistrate Judge's order promises referrals to state and federal agencies, orders payment of funds to anonymous individuals and makes highly prejudicial findings that are already being cited to in cases around the

nation. Plaintiff is currently suffering irreparable harm from the Magistrate Judge's findings, and this harm will intensify if a stay is not granted.

### III. A STAY PENDING APPEAL WOULD NOT IRREPARABLY HARM THE OPPOSING PARTY.

It is not clear that anyone will oppose this motion for a stay, much less be irreparably harmed by it. This factor weighs in favor of a stay.

### IV. THE PUBLIC INTEREST FAVORS GRANTING A STAY.

This case has attracted nationwide attention and the Magistrate Judge's order has been declared by some to constitute a "head shot" to copyright enforcement. This Court may ultimately disagree with the Magistrate Judge's order. The strong public interest in encouraging enforcement of property rights favors granting a stay pending this Court's review.

## CONCLUSION

The Court should stay the Magistrate Judge's order pending review.

                              Respectfully submitted,

DATED: November 12, 2013

                              <u>s/ Paul Hansmeier</u>
                              Paul Hansmeier
                              Bar Number 387795
                              Class Justice PLLC
                              100 South Fifth Street, Suite 1900
                              Minneapolis, MN 55402
                              Telephone: (612) 234-5744
                              mail@classjustice.org
                              *Attorney for Plaintiff AF Holdings LLC*