# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| AF HOLDINGS LLC, <br>     *Plaintiff*, <br>   v. <br> JOHN DOE <br>     *Defendant*. | CASE NO. 12-CV-1445 (JNE/FLN) |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S NOVEMBER 6, 2013, ORDER ISSUING SANCTIONS

On November 6, 2013, the Magistrate Judge entered an Order imposing highly punitive sanctions on Plaintiff. For the reasons set forth herein, the Court should issue an order that: (1) vacates the Magistrate Judge's Order, including the referrals to federal and state agencies; (2) disqualifies the Magistrate Judge from further participation in this proceeding; and (3) closes this case.

## Factual Background

This case and four similar cases were filed on June 15, 2012, against anonymous copyright infringers. (ECF No. 1.) Shortly thereafter, Plaintiff moved to discover the Defendant's identity. (ECF No. 3.) The Magistrate Judge denied Plaintiff's request on the grounds that:

> the requested discovery was not very likely to reveal the identity of the alleged infringer; (2) personal jurisdiction may not exist over the alleged infringer;

> and (3) the pornographic copyright holder's activities in pursuit of settlement agreements may constitute an 'abuse of the judicial system.

(*See* ECF No. 8.) Plaintiff objected to the denial, and the Court sustained Plaintiff's objection. (*See* ECF No. 10.)

In the five cases, three of the infringers retained counsel and elected to settle. One infringer initially declined to settle, was named and served with a summons and complaint, but ultimately settled. In one of the cases Plaintiff was unable to identify the infringer. Each of the cases was ultimately dismissed pursuant to Rule 41(a)(1) in late-2012.[1] (*See* ECF No. 12.)

Nearly six months later, on June 20, 2013, the Magistrate Judge *sua sponte* issued an order that reopened the cases. (*See* ECF No. 13.)[2] The Magistrate Judge's stated reason for doing so was to investigate the possibility of a fraud on the court. (*See id.*) The Magistrate Judge's concern appears to have arisen primarily from an order issued from the Central District of California. (*See id.*)[3] Yet, this order was not brought to the Magistrate Judge's attention by a party to the case. Nor was it a part of the record at the time the cases were reopened.

---

[1] The last dismissal occurred in case no. 12-cv-1449 in February, 2013.

[2] The docket cites in this memorandum are keyed to the filings in case no. 12-cv-1445.

[3] The Magistrate Judge also cited to a letter filed in 12-cv-1449.

The Magistrate Judge ordered service of his order reopening the cases on the Defendants; in addition to reopening the cases, the order invited motions from the Defendants. (*See id.*) When none of the Defendants responded, the Magistrate Judge issued a July 16, 2013, order scheduling pretrial conferences in the reopened cases and ordered the attendance of the Doe Defendants, Plaintiff, an officer of Prenda Law, Inc.,[4] and Plaintiff's manger, who resides in Miami Beach, Florida. (*See* ECF No. 15.) At the pretrial conferences, the Magistrate Judge reiterated his concerns with the Central District of California order and indicated that he would consider the fraud on the court issue resolved if the Plaintiff remitted any settlements it obtained in this matter.

After careful consideration, both Plaintiff and the Defendants declined to undo the settlements and relitigate the cases.[5] (*See* ECF Nos. 30, 33.) After learning the parties' intentions, the Magistrate Judge *sua sponte* ordered Plaintiff to show cause for why collateral estoppel effect should not be given to Judge Wright's findings. (ECF No. 34.) Plaintiff did so, but the issue was

---

[4] Prenda Law, Inc. was not counsel of record in this action, but settlement payments were paid to the Plaintiff's trust account at Prenda Law, Inc.. The sole officer of Prenda Law, Inc. resides in Chicago, Illinois, and appeared via telephone. Plaintiff's manager appeared in person.

[5] In addition, the Magistrate Judge "denied" attorney Michael Dugas' notice of withdrawal. (ECF No. 32.) That denial is the subject of an objection (ECF No. 37) that is currently pending before the Court.

never ruled upon. After that, the Magistrate Judge ordered Plaintiff to perform a Rule 901(a) authentication of a document that Plaintiff was not seeking to admit into evidence. (*See* ECF No. 36.) The authentication hearing was held on September 30, 2013. (*See* ECF No. 50.) On October 24, 2013, Plaintiff moved the Magistrate Judge to disqualify himself from this case, in light of the appearance of partiality arising from public remarks about this case. (ECF No. 59.)

On November 6, 2013, the Magistrate Judge entered an Order that, in relevant part: (1) denied Plaintiff's motion to disqualify; (2) ordered Plaintiff / Prenda Law Inc.[6] to return the settlements obtained in this case; (3) ordered Plaintiff / Prenda Law Inc. to pay the attorneys' fees and costs incurred by the five Doe Defendants; (4) referred this matter to a panoply of state and federal agencies for further investigation; and (5) ordered the cases dismissed on the merits, with prejudice, after the ordered payments are made. (ECF No. 67.) The Magistrate Judge based his order on his conclusion that the "copyright-assignment agreements attached as Exhibit B to each complaint in each of these five cases are not what they purport to be." (*Id.* at 8.)

---

[6] Prenda Law, Inc. is a non-party law firm that was dissolved in July, 2013. To Plaintiff's knowledge, Prenda Law has not been served with process in this matter.

## Procedural History

On August 28, 2013, the Magistrate Judge ordered Plaintiff to perform a "hypothetical" Federal Rule of Evidence 901(a) authentication of its copyright assignment; the authentication was hypothetical because Plaintiff was not moving to admit the assignments into evidence. Rule 901(a) authentication issues arise only when a party moves to admit items into evidence. The authentication hearing was held on September 30, 2013. On November 6, 2013, the Magistrate Judge issued an Order in which he imposed sanctions on Plaintiff and ordered these cases dismissed on the merits. The Court stayed the Magistrate Judge's Order pending its review of these timely-filed objections.

## Standard of Review

A district judge reviews a magistrate judge's recommended dispositions on dispositive matters de novo. Fed. R. Civ. P. 72(b)(3). The "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* A district judge reviews a magistrate judge's ruling on nondispositive pretrial matters under a "clearly erroneous or … contrary to law" standard. Fed. R. Civ. P. 72(a).

Here, the Court should review de novo the Magistrate Judge's Order, except for the portion in which the Magistrate Judge denied Plaintiff's motion

to disqualify. Although styled as an order, the Magistrate Judge's Order dealt exclusively with dispositive matters. *See, e.g., Reddick v. White*, 456 F. App'x 191, 193 (4th Cir. 2011) (per curiam) ("[A] motion for sanctions under the district court's inherent power is not a pretrial matter under § 636(b)(1)(a).").

## Objections

Plaintiff objects to the Magistrate Judge's Order on three grounds: First, the Magistrate Judge significantly exceeded his statutory powers. Second, the Order is insufficient from a factual and legal standpoint to warrant a finding of fraud on the Court. Third, the Magistrate Judge acted contrary to law by applying the wrong legal standard in denying Plaintiff's motion for disqualification.

### I. The Magistrate Judge Exceeded His Statutory Authority

A magistrate judge's jurisdiction is bounded by statute, 28 U.S.C. § 636, and extends, with certain exceptions, to determining pretrial matters that are before the Court. *See Bennett v. General Caster Serv.*, 976 F.2d 995, 997 (6th Cir. 1992). The Magistrate Judge exceeded his statutory authority—and thus acted without jurisdiction—in several material respects.

*First*, the Magistrate Judge exceeded his authority by reopening this case. A magistrate judge is automatically designated to hear a broad range of pretrial matters, a narrow range of criminal matters and to conduct settlement conferences in civil cases. *See* LR 72.1(a). As is relevant here, this

does not cover reopening a case or convening a supplemental proceeding. *See id.*; *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (stating that post-dismissal motions under Rule 11 are independent and supplemental to the original proceeding).

*Second*, the Magistrate Judge exceeded his authority by invoking Federal Rule of Civil Procedure 60 to set aside a Rule 41(a)(1) dismissal. All of the underlying cases were voluntarily dismissed pursuant to Rule 41(a)(1), "without a court order." Fed. R. Civ. P. 41(a)(1). The Magistrate Judge noted three cases—two unreported decisions from the Eighth Circuit and one decision from this District—all of which held that Rule 60 cannot be used to set aside a Rule 41 dismissal. The Magistrate Judge disagreed with these holdings, citing instead to a decision of the Florida Supreme Court. Yet, the Florida Rules of Civil Procedure reflect different policy choices than the Federal Rules of Civil Procedure. For example, the Florida Rules of Civil Procedure allow for voluntarily dismissal at any time "before retirement of the jury." Fla. R. Civ. P. 1.420. Meanwhile, the Federal Rules contemplate a far narrower window for voluntary dismissal: any time prior to the defendant's filing of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a)(1).

The more forgiving dismissal rules in Florida mean that parties may have expended far more resources and conducted far more discovery at the

time of a voluntary dismissal—thus providing a policy justification for greater court supervision over voluntarily dismissals. Here, however, because this case is subject to the policies embodied in the Federal Rules, the decisions of federal courts from this district and this circuit should be given more weight than those of the Florida Supreme Court. *See Cooter & Gell*, 496 U.S. at 397 ("Where state statutes and common law gave plaintiffs expansive control over their suits, Rule 41(a)(1) preserved a narrow slice: It allowed a plaintiff to dismiss an action without the permission of the adverse party or the court only during the brief period before the defendant had made a significant commitment of time and money.").

*Third*, the Magistrate Judge exceeded his authority by ordering Plaintiff to perform a "hypothetical" Federal Rule of Evidence 901(a) authentication of a copyright assignment; the authentication was hypothetical because Plaintiff had not moved to admit the assignment into evidence. Thus, the Rule 901(a) issue was not a case or controversy before the Court, and nothing in the Federal Magistrates Act confers powers on magistrate judges to "create" cases and controversies.

*Fourth*, the Magistrate Judge also exceeded his authority by invoking Article III powers to impose sanctions under the Court's inherent powers, which magistrate judges, as creatures of statute, simply do not possess. Even if the Magistrate Judge has the power to invoke the Court's inherent powers,

he must do so in the form of a report and recommendation, rather than a final order.

*Fifth*, the Magistrate Judge exceeded his authority by imposing a post-dismissal award of sanctions. As the Sixth Circuit stated:

> Section 636(b)(1)(A) confers jurisdiction on magistrate judges to determine, with certain exceptions, pretrial matters that are pending before the court. Although the Rule 11 sanctions in the present case were based on pretrial conduct, namely, the failure to make reasonable inquiry into jurisdiction prior to filing the complaint, the Rule 11 motion was not a pending pretrial matter, because it was not made until after judgment on the underlying claim already had been entered and an appeal taken. Therefore, for this additional reason, although the district court would have had jurisdiction to enter an order imposing a post-judgment award of sanctions, *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990), the magistrate judge did not.

*Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995, 998 n.5 (6th Cir. 1992). *See also Homico Constr. & Dev. Co. v. Ti-Bert Sys., Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991) ("We note that, since the case was dismissed prior to consideration of sanctions, this was not a 'pretrial matter' and, thus, could not have been properly referred to the magistrate under section 636(b)(1)(A).").

*Sixth*, the Magistrate Judge exceeded his power by sanctioning Plaintiff without notice or an opportunity be heard. The Order arose after a Federal

Rule of Evidence 901(a) authentication hearing. The consequence of falling short of the Rule 901(a) authentication standard is a finding of inadmissibility, not fraud. Nothing in the Magistrate Judge's order scheduling the Rule 901(a) authentication hearing indicated that Plaintiff could be facing the prospect of paying the Doe Defendants' attorneys' fees, forced to remit settlements if it did not succeed in the Rule 901(a) authentication or would be subject to referrals for investigations.

## II. The Order Imposing Sanctions Is Insufficient From A Legal And Factual Standpoint

The Magistrate Judge's Order concluded that Plaintiff's copyright assignments were "fraudulent," and thus constituted a fraud on the court, but failed to consider the legal elements of both copyright assignment and fraud, and did not contain factual findings sufficient to support conclusions regarding those matters.

As for the law of copyright assignment, the formal elements of a copyright assignment are: (1) a writing; (2) signed by the assignor. 17 U.S.C. § 204; *see also Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 963 (8th Cir. 2005) (explaining that copyrights may be transferred from one entity to another when the assignment "is in writing and signed by the *owner* of the rights conveyed or such owner's duly authorized agent.") (emphasis added) (citing 17 U.S.C. § 204(a)); *Thomsen v. Famous Dave's of America,*

*Inc.*, 640 F. Supp. 2d 1072, 1078 (D. Minn. 2009) ("Further, to transfer ownership of a copyright, there must be a writing signed by the owner. The writing need not contain any particular words or phrases; rather the inquiry is to give effect to the intent of the parties, which must demonstrate a transfer of the copyright.") Neither of these elements is mentioned in the Order, or even in dispute. Instead, Alan Cooper's signature appears as an acknowledgement on behalf of the assignee—Plaintiff—which does not dispute receiving the assignment.

As for the issue of fraud, the basic elements are well-known: (1) a false statement of material fact; (2) knowledge on the part of the speaker that the statement is untrue; (3) intent to deceive; (4) justifiable reliance by the alleged victim; and (5) injury. These elements are not mentioned or discussed in the Order. The Magistrate Judge's concern was whether Alan Cooper authorized Plaintiff to use Cooper's name. Mr. Cooper contends that Plaintiff did not have authorization; Plaintiff contends that it did.

Regardless, even if the Magistrate Judge found Cooper to be credible, it does not unerringly follow that Plaintiff committed a fraud. For that to be true, the Magistrate Judge would have had to find that: Plaintiff lacked a good faith belief about its authorization from Mr. Cooper; that Plaintiff presented Mr. Cooper's name to the Court to gain something it could not have otherwise gotten; and that the Court relied on Mr. Cooper's name to some

end, and that harm was caused by this reliance. None of these factors are demonstrated by the Order. Plaintiff presented its assignment to the Court for the purpose of demonstrating a prima facie showing of copyright ownership, and Plaintiff's authorization to use Alan Cooper's name is irrelevant for this purpose. As a district court in the Northern District of California noted:

> The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. While the assignment is signed by a representative of the assignors, it is not signed by a representative of the assignee, AF Holdings, LLC. Instead, it is signed by a representative of AF Films, LLC. As the law requires only that the assignment be signed by the assignor and not the assignee . . . this inconsistency does not prevent a prima facie showing of copyright ownership.

*AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1 (internal citations omitted). Thus, the Order fails to make a showing of fraud on the court.

It bears mentioning that Alan Cooper is not without a remedy if he believes that his name was used without his permission; and, indeed, he is pursuing such a remedy via a lawsuit in which he is seeking $4.6 million in damages against John Steele, Prenda Law, Inc., AF Holdings, LLC and

Ingenuity13, LLC. Not every dispute between Mr. Cooper and the Plaintiff is relevant to *this* case.

The sole purpose for which Plaintiff presented the copyright assignment to the Court was to demonstrate its interest in the copyright infringed on by the Defendant. The Order does not contain findings of fact or conclusions of law that demonstrate that Plaintiff does not own the copyright at issue in this action.

### III. The Magistrate Judge Applied The Wrong Legal Standard In Deciding Plaintiff's Motion To Disqualify

The Magistrate Judge acted contrary to law by applying the incorrect legal standard in evaluating Plaintiff's motion to disqualify. The Magistrate Judge denied Plaintiff's motion to disqualify on the grounds that his speech did not violate the Code of Conduct for United States Judges. (*See* ECF No. 67 at 10.) Yet, the legal standard applicable to motions for disqualification is whether a judge's conduct creates an appearance of partiality. To be sure, if the Magistrate Judge had clearly violated the Code of Conduct, then disqualification would be mandatory. However, as set forth in Plaintiff's motion to disqualify, the Magistrate Judge's actions triggered other grounds for disqualification that are independent from other possible violations of the Code of Conduct. The Order did not consider or make findings on those grounds.

## **Conclusion**

For the reasons set forth herein, the Court should vacate the Magistrate Judge's order, disqualify the Magistrate Judge from further participation in this case and close this case.

Respectfully submitted,

DATED: November 17, 2013

s/ Paul Hansmeier
Paul Hansmeier
Bar Number 387795
Class Justice PLLC
100 South Fifth Street, Suite 1900
Minneapolis, MN 55402
Telephone: (612) 234-5744
mail@classjustice.org
*Attorney for Plaintiff AF Holdings LLC*
